## VITAGRAPH - LUBIN - SELIG - ESSANAY v. BILLINGS.

No. 10703—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Contracts — Measure of Damages for Breach — Statute.**

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin." Section 2852, Revised Laws of Oklahoma, 1910.

2. **Same — Failure to Deliver Film for Motion Picture Show.**

Where a company is engaged in the business of furnishing feature films to be exhibited in moving picture shows for hire, and it contracts with B., who is engaged in conducting a moving picture show, to furnish a particular film to be exhibited in B.'s moving picture show on a specified date, but fails to deliver the film according to contract, said section 2852, supra, defines the measure of damage.

3. **Same—Items of Damage—Instruction.**

In an action brought by the proprietor of such moving picture show against the company contracting to furnish the feature film to recover damages for the breach of such contract, the plaintiff is not entitled to recover the amount expended for advertising such show, and also recover the amount of admission fees he would have received had he been able to exhibit the particular feature film, and it is error for the court to instruct the jury that he is entitled to recover the amount of each of such items.

4. **Appeal and Error — Cure of Error by Remittitur.**

In such an action the plaintiff is not entitled to recover the amount expended for advertising, and where this amount is fixed definitely and certainly and the plaintiff offers to make a remittitur of this amount, this court may correct the error in the instructions by allowing the remittitur, modifying the judgment accordingly, and as modified affirm the judgment.

5. **Damages — Contracts — Validity — Stipulated Damages—Statute.**

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section." Section 975, Revised Laws of Oklahoma 1910.

6. **Same — Damages for Failure to Deliver Picture Film.**

A clause in the contract under consideration, which has for its purpose to fix in advance the amount of the company's liability in damages in anticipation of a breach of such contract by failing to furnish the feature film at a specified time and place, is void under said section 975, supra.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by W. S. Billings against the Vitagraph-Lubin-Selig-Essanay to recover damages for breach of contract. Verdict and judgment for plaintiff, and defendant brings error. Judgment modified and affirmed.

H. Z. Wedgwood, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

MILLER, J. This action was commenced in the district court of Garfield county by W. S. Billings, as plaintiff, against the Vitagraph-Lubin-Selig-Essanay, a corporation, as defendant, to recover damages because the defendant breached a contract in failing to furnish a feature film designated as "Over the Top," which the defendant had contracted to furnish the plaintiff for exhibition on the 4th, 5th, and 6th days of July, 1918, to be exhibited on said dates in his moving picture show, known as the American Theater, located at Enid, Okla. The defendant admitted it had entered into the contract and had agreed to furnish the feature film for the days specified. It also admitted that it did not furnish the film for July 4, 1918; that it was not furnished until the 5th of July. It assigned as an excuse or reason for failing to furnish the film on July 4th

that another customer in Missouri kept the film a day longer than he was entitled to keep it. The evidence tended to show that a mistake was made in the defendant's office in the booking department and the dates overlapped. However, it is immaterial which of the reasons was the cause of its failure to comply with its contract, neither of which would affect or limit its liability.

The case was tried to a jury, which resulted in a verdict in favor of the plaintiff and against the defendant in the sum of $830.54. Judgment was rendered on the verdict, to reverse which the defendant perfected this appeal and appears here as plaintiff in error; but, for convenience, the parties will be referred to as they appeared in the lower court.

It will not be necessary to set out in full the several specifications of error assigned by the defendant, but we will dispose of them in the order they are argued in its brief.

It first complains of instruction No. 4 given by the court and excepted to by the defendant, which reads as follows:

"In the event that you find for the plaintiff and against the defendant in this action and find that the plaintiff has suffered damages by reason of the failure of the said defendant to carry out its contract with the plaintiff, then, and in that event, you are instructed that the measure of plaintiff's damages would be such an amount as would compensate the plaintiff for all the detriment proximately caused by the breach of said contract by the defendant which in the ordinary course of things would be likely to result therefrom, and which damages are the natural, direct, and proximate result of the breach of such contract by the defendant.

"In this connection and for the purpose of ascertaining such damages, you may take into consideration the amount of money, if any, expended by the plaintiff in advertising and other preparations . made by him for the purpose of exhibiting said special feature film on July 4, 1918, and which expenditures were lost or of no benefit to him by reason of the failure of the defendant to furnish said film. You may also consider the amount of loss he suffered, if any, resulting from loss of patronage on said day of July 4, 1918, arising out of the fact that he did not have said film for exhibition, and the difference between the amount which he received from his customers who attended the substitute picture on said day of July 4, 1918, and the amount which you find from the evidence would have been received by him if said special feature film had been exhibited, would be the measures of his damages in that respect.

"The plaintiff is also entitled to recover from the defendant the amount of the rental for said special feature film which the de-

fendant collected from him for its use on July 4, 1918."

The first paragraph of said instruction correctly states the law. The remaining portion of the paragraph is explanatory and directs the attention of the jury to the items that would fall within the measure of damages for the breach of the contract. The court was in error in giving that part of the instruction which authorized the jury to assess as a part of the damages the amount of money plaintiff had expended in advertising and other preparations made by him for the purpose of exhibiting said special feature film on July 4, 1918, as he would not be entitled to recover the admission fees he lost because he did not have the film, and then recover the expense he incurred for advertising and inducing persons to attend. Plaintiff, Billings, contends he is entitled to recover the expense paid out for advertising because of the damages he sustained to his business on the 5th and 6th of July, which damages were the result of his failure to exhibit the picture "Over the Top" on the 4th, but the instruction given does not cover that measure of damages, and therefore cannot be considered. The evidence established the damages with reasonable certainty, and the aggregate sum claimed for the expense of advertising is $109.34. The plaintiff offers to remit this amount if the court should hold this item was not recoverable. We think the amount of the judgment should be reduced $109.34.

The next proposition argued by defendant in its brief is that the court refused to give the following instruction:

"You are further instructed that the plaintiff cannot recover any damages from the defendant in this action, if you find he is entitled to recover, except such as were contemplated at the time the contract was entered into, and you will disregard all the evidence in this case, in arriving at your verdict with reference to damages, other than such as were contemplated by the parties at the time they entered into the contract, to wit, May 18, 1918."

In arguing this point, it complains that evidence was introduced showing that the city of Enid celebrated the 4th day of July, and that it was almost a perfect day. and Enid had the largest crowd in its history in attendance at this celebration. That all of these facts were not made known to the defendant at the time it entered into the contract on the 18th day of May, 1918, to furnish the film, and that therefore the damages were not contemplated.

The defendant entirely misses the object and scope of the testimony referred to, as it was merely to corroborate the evidence establishing the amount of the damages. The fact that the city of Enid had numerous attractions in celebrating the 4th of July, that the day was fine and a large number of people were in Enid on that day, was corroborative testimony supporting plaintiff's proof of the number of persons who offered to attend the show and either refused to attend because the particular picture "Over the Top" was not being exhibited or who attended paying a lesser price as their admission fee. If the plaintiff had offered evidence to establish as a fact that he lost the admission fees of three thousand persons who did not go in the show because he was not showing this particular film, and the defendant had offered evidence to the effect that a severe storm arose at Enid about noon on the 4th day of July and continued until ten or eleven o'clock at night, and was so severe that people did not venture out upon the streets, this would have been evidence to rebut the plaintiff's evidence as to the amount of damages.

Section 2852, Revised Laws of Oklahoma, 1910, defines damages:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

The court did not commit error in refusing to give the instruction complained of.

The defendant next complains that the plaintiff is limited to the sum of $85.35 as damages as the pro rata rental price of said film, under the latter part of the 4th paragraph of said contract, which reads as follows:

"In no event shall the distributor be liable to damages in excess of the pro rata rental price of such film for such time as it could not be used."

It cites in support of this proposition the case of McAlester v. Williams, 77 Okla. 65, 186 Pac. 461. This case does not support the defendant's contention, for the reason that it deals with a case where the damages would be uncertain of ascertainment. The clause in the contract in the instant case falls clearly within section 875, Revised Laws of Oklahoma, 1910.

"Section 975. Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

Section 976, Revised Laws of Oklahoma, 1910, makes a special exception of such a clause in the contract where it would be impracticable or extremely difficult to fix the actual damages; but this case does not fall within the exception as defined in said section 976, for the record discloses that the damages sustained by the plaintiff were proven with reasonable accuracy, even to the extent that it was not difficult for the jury to determine the amount thereof. Ruth Kelly testified that she was the ticket seller at the plaintiff's picture show; that the receipts for the 4th day of July amounted to about $385 at the reduced price of admission; that almost as many people turned away and did not enter the show when told that "Over the Top" was not being exhibited as entered at the reduced price; that Mr. Billings' books showed an accurate record of the attendance and ticket sales. The plaintiff testified to the seating capacity of the house; the record of ticket sales on July 4th, as shown by his books; how many admissions at the different prices; and then testified to the amount of his damages, which amount was obtained by a mathematical calculation from the facts and figures given in evidence. Neither the results shown by his calculation nor the sufficiency of the proof to establish the facts and figures on which the calculation is based has been questioned by the defendant in its brief.

In view of the fact that in this case the plaintiff's actual damages can be determined with reasonable accuracy, that clause in the contract relied upon by the defendant to limit its liability is void under said section 975, supra, and cannot be invoked by the defendant as fixing the measure of plaintiff's damages.

Having reached this conclusion, it is unnecessary for us to refer to the other complaints suggested in defendant's brief, for they have been disposed of by what has already been said.

The judgment of the trial court will be modified by deducting $109.34, which reduces the amount of judgment to $721.20, together with interest and costs as provided by law. As modified, the judgment of the trial court is affirmed.

JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.