## SON v. LINEBAUGH and SHEARER v. LINEBAUGH

Nos. 15082, 15083—Opinion Filed April 15, 1924.

(Consolidated.)

(Syllabus.)

**1. Judges — Disqualifications — Right to Fair Trial.**

Section 6, art. 2, of the Constitution requires that right and justice shall be administered without sale, denial, delay or prejudice, and in order that this salutary safeguard may be maintained and be given full force, it is necessary that judges presiding over the courts should be unbiased, impartial, and disinterested in the result of the litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, to the end that every litigant may have that fair and impartial trial to which he is entitled.

**2. Same—Removal of Officers.**

Where a district judge was instrumental in procuring the institution of ouster proceedings against county officers, and has discussed the merits of such actions with various parties before a trial, and shows by his utterances and actions that he has prejudged the guilt of the defendants, he is disqualified to sit as judge in such actions, or to make an order suspending the defendants from office pending the trial.

**3. Same—Procedure—Mandamus.**

Where a district judge is disqualified to hear and determine a cause pending before him, he should certify his disqualification, and, upon his failure to do so, when requested, in the manner provided by law, mandamus will lie.

Original Proceedings in Supreme Court.

Applications by D. W. Son and P. B. H. Shearer against J. H. Linebaugh, Judge of the District Court of the 26th Judicial District, for writs of mandamus requiring respondent to certify his disqualifications to sit as judge in the trial of applicants in ouster proceedings filed in the District Court of Johnston County. Writs granted.

Cornelius Hardy and William F. Tyree, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondent.

NICHOLSON, J. These are original proceedings, instituted in this court by the petitioners, against respondent, as judge of the district court of the 26th Judicial district, embracing Johnston county, seeking writs of mandamus, requiring said respondent to certify his disqualifications to sit as judge in the trial of cause pending in the district court of Johnston county, brought by the state, on the relation of the Attorney General, against the petitioner D. W. Son to remove him from the office of sheriff of said county, and against the petitioner P. B. H. Shearer to remove him from the office of county attorney of said county. The cases grew out of the alleged willful failure, neglect, and refusal of Son and Shearer to faithfully perform the duties imposed upon them as sheriff and county attorney, respectively, by permitting and allowing a mob or gang of armed men to take possession of the ballots cast at an election held in Johnston county on October 2, 1923, at which was submitted the question of whether or not certain constitutional amendments should be adopted.

Upon the filing of said causes, the Attorney General served the petitioner herein with notice that he would on the 23rd day of January, 1924, apply to the district court of said county for an order suspending them from office pending investigation and trial of said causes; thereupon the petitioners filed in said causes their application for change of judge, alleging therein that Judge Linebaugh, the respondent, was disqualified to sit in the trial of said causes and to hear the motions to suspend them from office, because of his bias and prejudice in favor of the state, and against the petitioners. Upon the refusal of Judge Linebaugh to disqualify, Son and Shearer applied to this court for writs of mandamus, requiring him to certify his disqualifications. Alternative writs were issued, to which Judge Linebaugh has filed returns, in which he denies that he entertains any bias or prejudice against the defendants, or is in any way disqualified to try said causes. The issues presented in said causes are identical, and the same have been consolidated.

The only issue presented is whether or not the evidence shows the respondent disqualified to try the cases.

It appears from the record that the respondent, who lives in Atoka, went to Johnston county to make an investigation of the conditions existing at the election held on October 2, 1923, and there talked with many persons in regard to said election and promised that he would take the matter up with the Attorney General; that accordingly, on

October 9, 1923, he wrote the Attorney General the following letter:

"State of Oklahoma,
　"26th Judicial District,
　　　"Atoka, Okla., October 9th, 1923.
"Hon. George F. Short,
　"Attorney-General,
　　"Oklahoma City, Okla.,
"My Dear General:

"I have a very bad situation in my district; especially in Johnston county. On last Tuesday, the 2nd, something like 150 or 200 men armed with guns went into Tishomingo, took possession of the ballot boxes and election supplies; refused to allow any election to be held in that county, claimed to have commissions from the Governor and from the sheriff. The good citizens of the county appealed to the county attorney and the sheriff for relief and could not get any,— both the county attorney and the sheriff refused to do anything looking to the giving of relief. I feel that this condition ought to be looked into without delay. I would appreciate if your office would file ouster proceedings against the county attorney and the sheriff, and then I would like to have a grand jury investigate the violations of law at that time. But I would want some member of your staff or some person appointed by me as county attorney, in case the present incumbent was suspended, to have charge of the grand jury. There would be no use to try to have a grand jury with the present county attorney and sheriff in charge, I am sure you will understand and appreciate this situation. Had a long talk with your Mr. McKenzie yesterday at Tishomingo. He told me he would make a thorough investigation before leaving there, and would report to you the conditions as he found them.

"I would also call your attention to the fact that in this county (Atoka county) the sheriff refused to permit the secretary of the election board to send off his boxes and supplies, until he was served with an order from myself as judge, restraining him from in any way interfering with the election board in their conducting of the election.

"I feel that the ballot is a sacred thing to the citizens of this country and should not, as the law provides it should not, be interfered with by anybody, and if it is interfered with, that the offenders should be properly punished for their actions.

"Will you k'ndly advise me as to your attitude in this matter, and what I can depend upon?

"Yours very truly,
　"(Signed) J. H. Linebaugh,
　　　"District Judge."

The petitioners testified that they had a conversation with the respondent in regard to the trouble in Johnston county, and after they had explained the matter to him, the respondent stated he was going to be frank with them; that they were guilty; that they should be ousted from office; that he had written the Attorney General and asked him to bring ouster proceedings against them, and that he would immediately suspend them from office.

C. C. Galloway testified that he was present and heard said conversation between the petitioners and respondent. Cornelius Hardy, counsel for the petitioners, testified that the respondent told him that he thought he would be disqualified to sit at the final trial.

On behalf of respondent, many affidavits were introduced by which the affiants vouched for the integrity of the respondent and in which the opinion is expressed that he would give the petitioners a fair and impartial trial.

The reputation of the respondent is not in issue. His integrity is not questioned, and from our knowledge of him, we are persuaded to say that he measures up to a high standard as a capable, honest, and fair judge, whose integrity cannot be doubted, but the question here involved is his attitude toward the petitioners in these cases, and this attitude must be determined from his utterances and actions as disclosed by the evidence.

The letter of the respondent to the Attorney General shows that he was very anxious to have ouster proceedings instituted against the petitioners, and have them suspended from office. His conversation with the petitioners indicated that he had determined their guilt in advance of a trial, and his statement to their attorney shows that he was doubtful of his ability to accord the petitioners a fair and impartial trial, yet he refused to certify his disqualification.

While the respondent insists that he is not unfriendly to either of the petitioners, and that he can accord them a fair and impartial trial, and while we do not doubt his sincerity in this regard, yet the question is not so much whether he feels that he would be able to give the petitioners a fair and impartial trial, as whether his utterances and actions preclude reasonable men from feeling that a fair and impartial trial can be had before him, and that he is disinterested in the result.

Section 6, art. 2, of the Constitution requires that "right and justice shall be administered without sale, denial, delay or prejudice." The basic principle on which the law rests is that every litigant is entitled to have

his rights determined by an impartial and disinterested tribunal, and one that has not prejudiced his case. It matters not that a judge is honest, and that he actually believes he can give litigants a fair trial, if he has discussed the merits of a case, and has formed an opinion before a trial, he is bound to enter upon the trial more or less biased and prejudiced. This should not be. Judges should refrain from partisanship in cases pending before them, and should not permit the clamor of the public to warp their judgment. The judiciary is the safeguard of the nation and the state, and the members thereof should so conduct themselves as to inspire the confidence of all, so that everyone will feel and know that in the courts their rights will be protected. This confidence cannot exist, if judges persist in discussing out of court the merits of cases pending before them and forming and expressing opinions thereon before a hearing in the orderly course of procedure, and where this has been done, the judge should not, in justice to the litigant, insist upon being permitted to sit in the trial of his case.

In State ex rel. Warner et al. v. Fullerton, District Judge, 76 Okla. 35, 183 Pac. 979, this court said:

"Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence, and impartiality of the judiciary, the most important and powerful branch of the government. Judges residing over the courts should be unbiased, impartial, and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, completely eliminated, to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433; Yazoo & M. V. R. Co. v. Kirk, 102 Miss. 41, 58 South. 710. 834, 43 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968."

To like effect are Dennison v. Christopher, 18 Okla. Cr. —, 200 Pac. 783; Robertson v. Bozarth, 87 Okla. 192 209 Pac. 742.

The evidence in the case at bar convinces us that the respondent has prejudged the petitioners' cases; that he cannot accord to them that fair and impartial trial guaranteed to them by the Constitution and to which they are justly entitled under the law, and that he should certify his disqualification.

We therefore conclude that the writs of mandamus should issue requiring the respondent to certify his disqualification to hear and determine the applications for the suspension from office of the petitioners, and to sit in the trial of said causes, and it is so ordered.

JOHNSON, C. J., and HARRISON, COCHRAN, LYDICK, and WARREN, JJ., concur.