**STATE ex rel. GARRETT v. FREEMAN, Judge.**

No. 15681—Opinion Filed Sept. 23, 1924.

(Syllabus.)

1. **Judges — Disqualification — Fair Trial—Superintending Control of Supreme Court.**

It is the duty of this court under the exercise of its superintending power not only to secure to every litigant a fair and impartial trial. but also to see to it that it is done in so far as possible in such a manner as will beget no suspicion of the fairness and integrity of the judge. 33 C. J. 988, sec. 128.

2. **Same—Constitutional Provision.**

Section 6, art. 2, of the Constitution requires that right and justice shall be administered without sale, denial, delay or prejudice, and in order that this salutary safe guard may be maintained and given full force, it is necessary that judges presiding over the courts should be unbiased. impartial and disinterested in the result of the litigation. and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, to the end that every litigant may have that fair and impartial trial to which he is entitled. Syl. 1. Son v. Linebaugh, 101 Okla. 291, 225 Pac. 686.

Original action for writ of mandamus by the State on the relation of Buck Garrett against W. F. Freeman, District Judge. Writ awarded.

Ledbetter & Ledbetter, Sigler & Jackson, and Mathews & Coakley, for petitioner.

Brett & Brett, for respondent.

GORDON, J. Buck Garrett invokes the original jurisdiction of this court in an action seeking a writ of mandamus against W. F. Freeman, as judge of the district court of Carter county, Okla., directing him to certify his disqualification to preside as such judge at the trial of a certain cause pending in the district court of Carter county, wherein said Buck Garrett is plaintiff and E. C. London is defendant, said cause being numbered 12386 on the docket of said district court.

In his petition the relator alleges that respondent, W. F. Freeman, is disqualified to sit as judge in the trial of the cause above referred to. alleging that the cause aforesaid was a suit filed by him against E. C. London in the nature of a quo warranto proceeding to contest the result of the primary election held in that county on August 5, 1924, for the office of sheriff; that said cause was docketed in division No. 2 of said district court, the presiding judge of which division was Asa E. Walden. That said Judge Walden had held himself disqualified to try the cause on account of the bitter feeling and prejudice engendered in the contest at the primary election, and that thereupon the respondent, Judge Freeman, who was judge of division No. 4, of said court, assumed jurisdiction of the cause, adjudging that Judge Walden was disqualified to sit.

Relator further alleges that said Judge Freeman is disqualified by reason of his sympathy with the organization known as the Ku Klux Klan, and, further, that some of the attorneys for the defendant, E. C. London, have undue influence with said Freeman by reason of having loaned him large sums of money, which remain unpaid, and that application to disqualify respondent was duly filed and overruled by said judge. That upon the overruling of this motion, notice was served by relator upon respondent that application would be made at once to this court for a writ of mandamus to compel him to certify his disqualification to sit as trial judge in the pending cause. Relator alleges that this application was filed in this court on August 26, 1924, but that on account of lack of quorum the matter could not be heard by this court on that date, and that on August 27, 1924, while said application was here pending the respondent proceeded to hear motions in said cause of Garrett v. London, aforesaid, and on August 28, 1924, respondent, upon motion of the defendant, London, dismissed said action with prejudice to any further action, on account of the failure of plaintiff to file cost bond. Relator prays that a writ of mandamus be awarded by this court to compel respondent to certify his disqualification as above set out.

To this petition respondent files his answer, which is, in substance: First, a denial of each and every material allegation of the petition, admitting, however, that he has borrowed certain sums of money from certain of the attorneys for E. C. London, and explaining the circumstances thereof, Second, he alleges that the cause of Garrett v. London, involving the election contest, was automatically transferred to the jurisdiction of his division of the district court, by reason of the disqualification of the judge of division No. 2 of said court, and that said judge of division No. 2 did, himself, transfer said cause to division No. 1, and, further, respondent denies specifically the allegations of any improper relations with any attorneys connected with the defense of the case. Third, respondent denies any connection with the Ku Klux Klan and denies any improper influence by said Klan or any member thereof. Fourth, he denies specifically certain remarks alleged to have been made by him to the effect that he would proceed to hear and determine the case regardless of the action of this court, but alleges, on the other hand, that he gave the relator ample time to obtain relief from this court before proceeding with said cause. Fifth, that respondent is wholly unbiased in the said cause and can and will give a fair and impartial trial. In addition to the answer, there is filed a plea in bar and motion to dismiss this proceeding on the ground that the cause out of which this proceeding arises has now been dismissed with prejudice by him as such trial judge, the order of dismissal having been made on August 28, 1924, and that therefore the question here is moot.

Upon these pleadings this cause has been referred to the Hon. Wylie Jones, as referee of this court, to hear the evidence produced by the parties on the issue so made and to make report thereon to this court.

This report has been made.

No question is raised as to the jurisdiction of this court to award the writ of mandamus. Robertson v. Bozarth, 87 Okla. 102, 209 Pac. 742; Son v. Linebaugh, 101 Okla. 291, 225 Pac. 686.

From the findings of fact made by the referee herein and from the evidence, it is apparent that at the primary election on August 5, 1924, the nomination for the office of sheriff of Carter county was hotly contested and great bitterness was engendered by this contest throughout that county. The battle was principally one between the sup-

porters and antagonists of the organization known as the Ku Klux Klan. Upon the face of the returns, Buck Garrett, the relator, was defeated. He filed this contest against his successful opponent in division No. 2 of the district court of Carter county, which division was presided over by Judge Asa E. Walden. Judge Walden disqualified himself in the cause on account of the fact that he was a resident judge and would be considered more or less aligned with one or the other factions. By reason of the disqualification of Judge Walden, the cause went to division No. 1 of the court, over which the respondent, Judge Freeman, presides. On August 25, 1924, motion was made by the plaintiff in the cause, Buck Garrett, to disqualify Judge Freeman, and in the motion practically the same allegations were made as to his disqualification as are made in the proceeding here. At the hearing of the motion to disqualify, and subsequent motions filed in the cause, the defendant, E. C. London, was represented by several attorneys, some of whom had loaned considerable sums of money to Judge Freeman, which sums are still due and unpaid. From other litigation recently before this court and involving the election contest in Carter county, we find that in that county, Judge Walden is generally regarded as unfavorable to the Ku Klux Klan, and Judge Freeman is regarded as having many friends within the organization. We do not verify this general opinion, but it is suggested as bearing upon our duty in this case as to the disqualification of the respondent. The motion to disqualify was overruled by Judge Freeman, and shortly thereafter motions attacking the petition were filed by the defendant. Upon the overruling of the motion to disqualify, plaintiff gave notice that he would at once apply to this court for a writ of mandamus directing respondent to certify his disqualification, and on August 26, 1924, such petition was filed in this court. On August 28th, while such petition was pending here, respondent heard the motion of defendant to dismiss the action for want of a cost bond, and on August 29, 1924, sustained this motion and dismissed the action with prejudice against any future action. Judge Freeman asserts, and doubtless feels, that he is wholly without prejudice or bias in the cause and that there is no reason for his disqualification.

It is the duty of this court under the exercise of its superintending power not only to secure to every litigant a fair and impartial trial, but also to see to it that it is done in so far as possible in such a manner as will beget no suspicion of the fairness and integrity of the judge. 33 C. J. 988, sec. 128.

"Section 6, art. 2, of the Constitution requires that right and justice shall be administered without sale, denial, delay or prejudice, and, in order that this salutary safeguard may be maintained and given full force, it is necessary that judges presiding over the courts should be unbiased, impartial and disinterested in the result of the litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, to the end that every litigant may have that fair and impartial trial to which he is entitled" Syl. 1, Son v. Linebaugh, 101 Okla. 291, 225 Pac. 686.

Respondent has lived for many years in the community in which this intense contest is pending, and has held office in this county by the favor of the electorate therein. His tenure of office depends upon the suffrage in this county. His long residence and his wide acquaintance and familiarity with the political issues involved must have planted in his mind sincere conviction as to the right or wrong of certain policies, which conviction might possibly, without his consciousness, influence him in his rulings. He has mingled with the populace and must have partaken to some extent of their discussions and arguments. If this cause were tried by him, the defendant, London, would be represented by attorneys shown to be close personal friends of the judge, some of whom have financed him under conditions of peculiar distress and the obligations created by the lending of such financial assistance have not been discharged. It is important not only that this case be tried by a fair and impartial judge, but also that this court shall see to it that no suspicion attach to the course of judicial proceeding, in order that it may be made apparent, in so far as possible, to the community that the judicial proceedings are impartial and beyond reproach. This to the end that the confidence in our judicial system may be sustained. Under the circumstances surrounding the case pending in Carter county, involving this election contest, it would be impossible for respondent to give to the trial that calm and unprejudiced consideration which would be given a judge wholly separated from the turmoil, and to allow respondent to try this cause under these circumstances would be, in our judgment, to weaken the confidence of the public in the integrity of the court, and this we say even though respondent should feel in his heart that as to the matters involved he is able to give a fair and impartial trial. We are strengthened in this conclusion by the acts of re-

spondent since the cause in question came within the jurisdiction of his division of the court. We find that immediately upon the assumption of jurisdiction by respondent, motions were filed by defendant; we find the application to disqualify overruled without the production of any testimony to rebut the allegations of the motion and the affidavit attached thereto. We further find that after the overruling of said motion to disqualify, respondent proceeded to pass upon other motions, and after the filing of this proceeding here, respondent, upon motion of defendant, dismissed this cause with prejudice for failure to give a cost bond. The dismissal of the cause with prejudice was error, regardless of the disqualification of the judge, Comp. Stat. 1921, section 664. This dismissal with prejudice in the face of the statute, without explanation, and while the proceeding here was pending, smacks of a desire to speedily determine the cause. Respondent knew that proceedings looking to his disqualification were pending in this court. Respondent was advised that the matter could not be heard in this court on the day it was filed on account of a lack of a quorum. The proceeding here for writ of mandamus is the method provided by statute to disqualify a judge, and it would seem that a judge wholly unbiased would refrain from taking any action in the cause in question until judgment should be rendered here. We conceive it to be the duty of this court to hold the scales level and to see to it, in so far as we can, that impartial justice is meted out by an unbiased judge, and we hold in this case upon the proof that respondent is and was disqualified as a matter of public policy to sit as trial judge in the cause of Garrett v. London, aforesaid.

But it is argued that the question here presented is moot, in that the cause of Garrett v. London has already been dismissed on August 29th, by the respondent here. To this argument there are two answers: First, the disqualification of the respondent existed at the time such order of dismissal was made, due and timely pleading was filed setting forth such disqualification, and therefore such order may be avoided in this proceeding. 33 C. J. 1022, section 201; Holloway et al.v. Hall et al., 79 Okla. 163, 192 Pac. 219; Prowant v. Sealey, 77 Okla. 244, 187 Pac. 135-242; 33 C. J. 1022-1071; 15 R. C. L. 542.

Further, if the trial court is authorized, while a proper proceeding is pending here looking to his disqualification, to act upon the case in which it is sought to disqualify him, and to dismiss such cause, he may thus wholly frustrate and render of no avail the jurisdiction of this court in the proceeding. Such was not the intention of the statute when it provided this method for that purpose. Comp. Stat. 1921, section 2633. And respondent will not be permitted to thus frustrate the jurisdiction of this court. This court may make such orders as may be necessary to effectuate its jurisdiction. Ex parte Williams, 4 Ark. 537; Jelly v. Dills, 27 W. Va. 267-283; Mayo v. James, 12 Grattan (Va.) 17-26.

It is therefore the opinion of this court under the evidence before us that the order dismissing with prejudice the case of Garrett v. London be and the same is set aside, and that a peremptory writ of mandamus forthwith issue to the respondent, W. F. Freeman, requiring him upon service of the same to at once certify his disqualification to try the cause numbered 12386 upon the dockets of the district court of Carter county, wherein Buck Garrett is plaintiff and E. C. London is defendant, or to issue any order in said cause, and the clerk of this court is directed to issue such writ.

McNEILL, C. J., and NICHOLSON, BRANSON, HARRISON, JOHNSON, and WARREN, JJ., concur.