## JAMES F. McCULLOUGH v. DAVIS, *District Judge*.

No. A-2362.    Opinion Filed April 20, 1915.

(147 Pac. 779.)

**JUDGES—Mandamus—Prejudice of Judge—Refusal to Disqualify.** Applications for a change of judge, on account of the prejudice of the judge, set forth as the grounds and facts upon which the claim was made that the judge was disqualified; that said judge, in his campaign for renomination and re-election to his office in public speeches condemned the alleged misconduct of the office held by the defendant, to which office he was appointed by the candidate opposing respondent, which matters of alleged misconduct were then pending in the district court before said judge on indictments against petitioner. **Held,** that the applications on account of prejudice of the judge should have been granted. **Held,** further, that, respondent having refused to disqualify,' mandamus requiring him so to do is awarded.

(Syllabus by the Court.)

Mandamus by James F. McCullough against Preston S. Davis, District Judge. Writ awarded.

*C. Caldwell, C. McGary,* and *Wm. P. Thompson,* for petitioner.

*Willard H. Voyles,* Co. Atty., for respondent.

DOYLE, P. J.   The petitioner has filed in this court his verified petition for mandamus, which, omitting the formal parts, reads as follows:

"Comes now James F. McCullough, and for his petition alleges and states:   That he stands charged by indictment in the district court of Craig county, Okla., of the crime of embezzlement in cases Nos. 1165 to 1177, inclusive, now pending on the criminal docket of said court, and that respondent is the presiding judge of said court.   That on the 7th day of November, 1914, he filed his application under the laws of the state of Oklahoma for a change of judge, alleging that the trial judge, Preston S. Davis, was biased and prejudiced against him as defendant in said causes, and that on account of said bias and prejudice against him, he could not have a fair and impartial trial before said judge.   That he was clerk of the county court in and for Craig county, Okla., and that he is charged in

all of the above numbered cases of the crime of embezzlement of public funds while in said office. That while these cases were pending in the court presided over by the said Preston S. Davis, and within the knowledge of said Preston S. Davis, during the primary campaign in the county of Craig and other counties of the Twenty-Third judicial district during the months of June and July, 1914, in said campaign for his nomination for said office which he now holds, he attacked the county judge, S. F. Parks, his opponent in said campaign and who appointed your petitioner to said office, and said that the office of the clerk of the county court in and for said Craig county while held by your petitioner, and at the close thereof, was in a state of rottenness, and that the state inspector and examiner had stated that the reports of said office to the county commissioners were all incorrect, that he was in default of about $5,000, and that the office was in a state of decadence, and that he made other statements concerning said official acts of your petitioner, all of which were calculated to create prejudice against him. That said statements and speeches were made with the knowledge that they would create a prejudice against him in the trial of the case, as the voters of the county who heard and who heard of said speeches would be called upon as jurors to try him before the said judge who made said statements and speeches, and that for said reasons the said judge is disqualified to hear and determine any other motions or other matters in the trial of said cause. That this expression of opinion in said speeches by the respondent upon the report of the deputy state inspector and examiner disqualified the said respondent, as this report will be a portion of the material evidence which will be introduced and relied upon by the state in the trial of said cause. That said expressions and opinions in said speeches by the respondent, as above alleged and set forth in effect is a prejudgment by said respondent of your petitioner by the trial judge.

"A copy of said application for change of judge is herewith filed, marked 'Exhibit A,' and made a part of this petition. That said cause came on to be heard upon the application of your petitioner on the 7th day of November, 1914, your petitioner being present in person and represented by his counsel, and the county attorney of Craig county appearing for the state and waiving formal notice of the application for change of judge; and on the hearing upon said application, said sworn application of your petitioner was presented to the court, and the respondent refused to disqualify himself, whereupon your petitioner prayed the court to be allowed reasonable time to prepare this petition for an

alternative writ of mandamus to the Criminal Court of Appeals of the state of Oklahoma, which was granted. That unless this court grants the writ of mandamus, the respondent will proceed to try said causes, and your petitioner will be deprived of his constitutional right of fair and impartial trial. That said judge is biased and prejudiced as set forth in said application for change of judge. Wherefore, your petitioner prays that an alternative writ of mandamus be issued out of this court, commanding the respondent to show cause why he should not disqualify himself, and upon failure to show cause, that a peremptory writ of mandamus issue, and if answer be filed by said respondent, that upon a final hearing of the same a peremptory writ of mandamus issue, compelling the said respondent to disqualify himself to try said causes."

The application is supported. by the affidavits of some five or six citizens of Craig county. Summarized, the affidavits were to the following effect: That during the primary campaign preceding the nomination of a Democratic candidate for judge of the Twenty-Third judicial district, the respondent was opposed by S. F. Parks, then county judge of Craig county, as the nominee for district judge, and at a political picnic in Craig county the respondent delivered a speech, and in substance used the following language:

"That the office of the clerk of the county court in and for Craig county, Okla., had been examined by a special deputy state examiner and inspector, and in the report of said examiner and inspector there was found the following:

" 'I regret exceedingly to report that I found the affairs of this office in a deplorable condition. No excuse apparently exists as an explanation. In brief, the office was rapidly approaching a state of decadence, which would undoubtedly have worked injury on both the county and litigants.

" 'Important filings in civil, criminal, and probate cases were found scattered in all parts of the office. In desks, behind picture frames, in pigeon holes, and practically every conceivable nook and cranny upon being explored unearthed papers that should have been entered on the dockets and filed away in their proper places. How many papers have been lost, time alone will tell.'

"He then stated that in looking in the dictionary for the meaning of the word 'decadence' he found that it meant 'rottenness,' and that therefore the office was in a state of rotten-

ness. He further said that of all the reports that were made from the said office to the board of county commissioners, none of them were correct.

"Affiant further says that there were a great number of people present and heard said speech, and that said judge made other statements pertaining to said office which affiant does not remember, but said statements were discreditable to the office, and from his act and demeanor and the language he used in talking about said office, affiant believes that James F. McCullough, the defendant in the above entitled cause and who was the clerk of said court, cannot have a fair and impartial trial before said judge."

An alternative writ of mandamus was issued. The respondent filed his answer, the material part of which is as follows:

"That the charges against said defendant are embezzlement alleged to have occurred while said defendant was holding the office of clerk of the county court of Craig county, state of Oklahoma. The said defendant was appointed to said office by S. F. Parks, who was then county judge of Craig county. That said S. F. Parks and respondent were opposing candidates for the Democratic nomination for judge of the Twenty-Third court judicial district of the state of Oklahoma in the primary campaign of 1914. That in said campaign respondent made speeches in behalf of his candidacy at political meetings and picnics, and made a political canvass of the three counties comprising his court judicial district, to wit, Ottawa, Craig, and Mayes.

"Respondent denies that he ever made any statement or statements in any of his said speeches, or at any other time, in which he mentioned or uttered, in any manner whatever, the name of the petitioner herein, James F. McCullough; and respondent further denies that he ever in any manner whatever mentioned the name of the petitioner herein, James F. McCullough, in any connection with the clerkship of the county court of Craig county, state of Oklahoma; and respondent further denies that he ever, in any manner or upon any occasion whatever, mentioned or referred to the fact that there was such a person as the petitioner herein, or that he ever had any connection whatever with the office of clerk of the county court of Craig county, or of any other office whatsoever.

"Respondent admits that in his speeches, in answer to the printed circulars and other literature and arguments advanced by his opponent, S. F. Parks, in the primary campaign, that he, the

said S. F. Parks, ought to be elected district judge of the Twenty-Third court judicial district of the state of Oklahoma on account of the fact that he had saved thousands of dollars to the tax-payers of Craig county, state of Oklahoma, and on account of the excellent manner in which he had conducted and run the office of judge of the county court of Craig county, state of Oklahoma, he did read from the report of Evans A. Nash, special deputy examiner, under Fred Parkinson, state examiner and inspector, made of the office of the county court of Craig county, Okla., covering the period from January 9, 1911, to January 20, 1914, and dated February 23, 1914, and filed March 9, 1914, in the office of Fred Parkinson, state examiner and inspector of the state of Oklahoma, the same being file No. 2017-18. Record No. 60, the following portions and these portions only. * * * That said portion of said report hereinabove set out and read and commented upon by your respondent, as herein set forth, and in this way only, is found on pages 3 and 4 of said original report. And after reading said portion of said report as hereinabove set forth, your respondent admits that he did by way of explaining the same, comment upon some of the meanings of some of the words used by said Examiner Nash in this portion of the report hereinabove set forth, and that he said, in commenting upon the word 'decadence,' that the word meant, as defined by Webster, deterioration, decay, rottenness. In addition to reading and commenting upon that portion of said report in the manner as herein stated, your respondent admits that he held in his hand, and read from and commented upon the following portions of, said official report, as set forth and contained in respondent's Exhibit A to this answer. The exhibit being the identical paper held in the hands of your respondent and read from during the Democratic primary campaign of 1914, and your respondent attaches it to this answer, having marked it as 'respondent's Exhibit A,' and asks that it be made a part hereof, and considered herewith. That these portions of said report are the only portions of the same that were read, commented upon, or referred to in any manner by your respondent in said campaign. And in so doing your respondent says that in no manner whatever did he mention or refer to the petitioner in this action. That the above and foregoing is all that your respondent said in any manner touching the office of the county court, state of Oklahoma, in said campaign, and that at no time and under no circumstances did your respondent ever refer to the fact that the said office ever had a clerk, or in any manner ever touched upon the clerkship of

said office.   That your respondent up to the present time has not read nor heard read any of the indictments in any of these cases against this petitioner, and does not now know the contents of any of the same.   His knowledge up to this moment being only that the petitioner herein is charged as defendant therein with the crime of embezzlement.   That nothing but friendship and friendly relations have ever existed between the petitioner herein and your respondent so far as your respondent knows or has ever been advised.   That nothing of an unfriendly nature, so far as your respondent knows, occurred during the primary campaign, or the campaign for the general election for the office of judge of the Twenty-Third court judicial district of the state of Oklahoma, 1914, between this petitioner and your respondent, and that nothing but friendly relations are existing at this time between the petitioner and the respondent.   That your respondent has searched his mind, his heart, and his conscience, and at this time is absolutely unaware of any prejudice or bias whatever towards or against the petitioner herein, James F. McCullough."

Upon the undisputed facts, the conclusion of the court is that petitioner is entitled to a change of judge on account of the prejudice of the presiding judge.   The Constitution prescribes that:   "Right and justice shall be administered without sale, denial, delay, or prejudice."   Section 6, art. 2, Bill of Rights. By this provision of the Constitution the people have prohibited a judge from trying a cause in which he is prejudiced by or for either party.   In *Ex parte Ellis,* 3 Okla. Cr. 220, 105 Pac. 184, 25 L. R. A. (N. S.) 653, Ann. Cas. 1912A, 863, it is said:

"The framers of our Constitution guarded with special care our judiciary and tried to place it above suspicion of unfairness, passion, or prejudice, so that public confidence in our courts would not be shaken, and provided that right and justice should be administered without prejudice.   By virtue of this constitutional provision, who can doubt or question the absolute and unqualified right of the citizen, when called to answer in a court of justice, to demand that his trial shall be before an impartial judge and by impartial jurors?   Any other doctrine would place the rights of the citizen which were intended to be protected by this constitutional provision at the mercy or control of the court or judge thereof."

The undisputed facts are that indictments against the petitioner in criminal cases numbered 1165-1177, were returned at the May, 1914, term of the district court of Craig county, and were pending in said district court at the time the respondent made these speeches during his campaign for renomination and re-election to the office of district judge. The respondent does not deny that he did use the language imputed to him by the petitioner. In his answer he says that he never mentioned or uttered the name of the petitioner, and that up to the time of filing his answer he had not read or heard read any of the indictments against the petitioner. It was the duty of respondent, as presiding judge of the district court court in which said indictments were returned, to examine the same for the purpose of fixing the amount of bail in each case when the bench warrants issued upon the same, and we are inclined to think that, upon the undisputed facts, the fact that he did not mention the petitioner's name in his speeches is wholly immaterial.

It is undisputed that respondent, as district judge, in his campaign for re-election to his office, in a public manner and as an argument in support of his candidacy, condemned the alleged misconduct of the office held by petitioner, to which office he was appointed by the candidate opposing respondent, which matters of alleged misconduct were then pending in said district court and before respondent as district judge on the indictments herein. This fact alone clearly shows that respondent, as district judge, is disqualified to conduct the trial of the indictments. It is our opinion that the applications for change of judge in said cases on account of the prejudice of the judge should have been granted. Respondent having refused to disqualify as judge in said cases, the writ of mandamus as prayed for is awarded.

FURMAN and ARMSTRONG, JJ., concur.