**STATE ex rel. v. FULLERTON.**

No. 10696—Opinion Filed Sept. 23, 1919.

(Syllabus by the Court.)

**1. Judges—Duties—Bias.**

Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for determination of his rights; and the judges presiding over such courts should be unbiased, impartial and disinterested in the subject-matter in litigation, and all doubt or suspicion to the contrary must be jealously guarded against, and, if possible, eliminated, if we are to maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. (Section 6, art. 2, Const.)

**2. Same — Disqualification — Change of Judge.**

The signing of a statement by respondent, before he became district judge, which was, in effect, a criticism of the judgment rendered by the then district judge in the trial of the matter to be re-tried before respondent, and the expression of an opinion to the effect that the finding of facts made by the court against one of the parties who is the principal witness for defendants was untrue, are sufficient to disqualify respondent to sit and act as judge in such suit.

**3. Mandamus—Judges — Certification of Disqualification.**

Where a district judge is disqualified to hear and determine a cause pending before him, he should certify his disqualification, and upon refusal to do so, when requested in the manner provided by law, mandamus will lie.

An application for writ of mandamus to disqualify Honorable S. C. Fullerton, district judge of Ottawa county, from proceeding with the trial of a cause brought by plaintiffs to cancel a deed to certain mining land in Ottawa county. Application granted.

Bayard T. Hainer, Paul A. Ewert, and Dyke Ballinger, for plaintiffs.

Ray McNaughton, for respondent.

OWEN, C. J. A trial of this cause was had before Honorable George C. Crump, sitting as judge of the district court of Ottawa county, but the judgment was set aside and a new trial granted. In announcing judgment Judge Crump stated the evidence showed the deed to the land in controversy had been procured fraudulently from plaintiffs by James F. Robinson, one of the defendants, and a principal witness. Respondent, who was at the time engaged in the practice of law at Miami, signed a statement, which was, in effect, a criticism of the finding of the district judge, and expressing the opinion that such finding against the defendant Robinson was unwarranted and untrue.

The matter being one of equitable cognizance the court may hear and determine the cause, judging both the law and facts without a jury.

Section 6, art. 2 of the Constitution, (sec. 14, art. 2, Wms. Ann.) provides:

"Right and justice shall be administered without· denial, delay or prejudice."

Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence and impartiality of the judiciary, the most important and powerful branch of our government. Judges presiding over the courts should be unbiased, impartial and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, completely eliminated, to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law' of the state. State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433; Yazoo & M. V. R. Co. v. Kirk, 102 Miss. 41, 58 So. 710, 42 L. R. A. (N. S.) 1172.

In the case of Chenault v. Spencer, 24 Ky. L. Rep. 141, 68 S. W. 128, it was held reversible error for the trial judge not to certify his disqualification when it was made to appear he had criticised the judgment of the court of appeals, affecting plaintiff's right of recovery, and had made the statement that plaintiff had no right, legal or equitable, to the land in controversy before him.

Respondent having signed and published a statement criticising and controverting the finding of facts on which the judge, who formerly tried the case, based his judgment, and which finding of facts was material in the trial, it is not difficult to understand how plaintiffs feel they cannot have a fair and impartial trial before respondent. The question is not so much whether respondent, himself, feels he will be able to give plaintiffs a fair and impartial trial, as whether what he said and his actions in publishing the statement preclude reasonable men from feeling that a fair and impartial trial can be had before him and that he is disinterested in such litigation.

Timely request, as provided by law, was

made to respondent to disqualify to sit and act as judge in the matter in the district court, and respondent having refused to certify his disqualification, application for writ of mandamus was properly made and the writ will lie.

Respondent, therefore, should forthwith certify his disqualification to try the matter in controversy and upon his failure to do so, writ of mandamus will be issued.

KANE, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concurring.