CY DENNISON v. CHRISTOPHER, Superior Judge.

No. A-4018.    Opinion Filed Sept. 22, 1921.
(200 Pac. 783.)

(Syllabus.)

1.   **Judges—Fair and Impartial Trial.** Courts should scrupulously maintain the right of every litigant to an impartial and dis-

interested tribunal for determination of his rights; and the judges presiding over such courts should be unbaised, impartial, and disinterested in the subject-matter in litigation, and all doubt and suspicion to the country must be jealously guarded against, and, if possible, eliminated.

2. Same.—Society in general, as well as the parties to an action, is interested in preserving the purity and impartiality of the courts, in order to foster respect and confidence of the people in court proceedings.

3. Judges—Disqualification—Mandamus to Compel. Where a judge is disqualified to hear and determine a cause pending before him, he should certify his disqualification; and, upon refusal to do so, when requested in the manner provided by law, mandamus will lie.

Application by Cy Dennison for writ of mandamus against H. R. Christopher, Judge of the Superior Court of Okmulgee County. Respondent ordered to certify his disqualification to try controversy, and upon his failing to do so writ will issue.

See, also, 19 Okla. Cr. 179, 198 Pac. 514; 19 Okla. Cr. 223· 200 Pac. 785.

J. S. Eaton, E. M. Carter, and John Caruthers, for petitioner.

James Hepburn, Co. Atty., for respondent.

BESSEY, J. This is an action in which a writ of mandamus is sought by Cy Dennison, who has made application to this court to compel Hon. H. R. Christopher, judge of the superior court of Okmulgee county, to disqualify from presiding in any further proceedings against the applicant on charge of murder pending in that court, on the ground that said judge is in such a state of mind and so prejudiced against said petitioner and his attorney as to seriously interfere with his having a fair and impartial trial. The respondent, Judge Christopher, denied generally and particularly all of the allegations contained in the application.

An application for a change of judge and an application for a transfer of the cause from the superior court to the

district court of Okmulgee county had been made, as provided by law, and both applications were by the respondent refused before the application of the writ of mandamus was filed in this court. The application charges, in substance, as follows:

(1) That said superior judge has been unduly active in directing the manner and means to be employed by the county attorney for successfully prosecuting the charge of murder against this applicant.

(2) That said superior judge ordered the county attorney to file an amended information against this applicant.

(3) That said respondent secretly entered into an agreement with the county attorney and an attorney representing Roy Massengale, an alleged coconspirator with this applicant, and charged separately for the same offense growing out of the same transaction, appointing one Wylie Melton as a special sheriff of Okmulgee county to take charge of and transfer said Massengale to the state penitentiary at McAlester, pending further proceedings against said Massengale, done for the purpose of and in furtherance of a plan of using said Massengale as a witness against the petitioner, Cy Dennison.

(4) That the order above made was made secretly, and that the clerk of the court was ordered by said judge to "pigeon-hole" the order, so that the same might not became public, and in order that this petitioner and his attorney should have no knowledge of it.

(5) That the respondent has shown partisan bias against the petitioner by taking an undue interest in the affairs growing out of the alleged murder of Bob Burden and in furnishing to newspapers reports from which inflammatory and prejudicial newspaper articles were written and published in Okmulgee, to petitioner's prejudice.

(6) That the respondent has had frequent secret conferences with the county attorney concerning the conduct of the prosecution of the case against petitioner, and that through such conferences an agreement was made between the respondent, the county attorney, and the attorney for Roy Massengale, wherein it was agreed that the court would accept a plea of guilty from said Massengale and impose a mitigating sentence, in consideration that said Roy Massengale should testify for the state against this applicant.

Affidavit, depositions, and oral testimony have been introduced and heard by this court in support of and in resistance of this application. It would be neither edifying nor instructive to analyze this testimony in detail. Our conclusion, in the abstract, is that the charges made by the petitioner for the most part have not been sustained by the preponderance of the evidence. There is, however, a sufficient showing made to convince this court, considering all the evidence in connection with the circumstances surrounding this case, that the respondent, consciously or unconsciously, is not impartial towards the petitioner; and this to such an extent as to lead this court to believe that there is a probability that the further proceedings in the case pending against the petitioner might not be conducted in such a dignified, orderly, impartial manner as to inspire the respect and confidence of all parties concerned, and that of others not directly concerned. For that reason the respondent should have certified his disqualification and yielded the bench to some other trial judge. This could have been done in this case without serious inconvenience or delay, for the reason that there were then two district judges having concurrent jurisdiction with the superior court in Okmulgee county, and, the district court being then in session, the case could have been speedily tried before one of these judges.

Every defendant in a criminal case, whether guilty or not, is entitled to a fair and impartial trial, a trial in which right and justice shall be administered without prejudice. Article 2, § 6, Constitution.

Applied to this case, this means that this petitioner charged with murder is entitled to be tried by an impartial, disinterested tribunal. All doubt and suspicion to the contrary must, if possible, be eliminated. McCullough v. Davis, 11 Okla. Cr. 431, 147 Pac. 779; State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433; State ex rel. Warner v. Fullerton, 76 Okla. 35, 183 Pac. 979.

Moreover, the state has an interest in the standing, integrity, and reputation of its courts, and, when constitutional or statutory provisions forbid a judge from acting officially, his action is regarded as transgressing the public policy of the state. Such prohibitions are plainly intended, not only for the benefit of the parties to a suit, but for the general interests of society, by preserving the purity and impartiality of the courts and fostering the respect and confidence of the people for their decisions. 15 R. C. L. 530.

We are not unmindful of the fact that the practice of disqualifying trial judges on the grounds of bias or prejudice may be subject to much abuse. Captious and unwarranted accusations of bias should be discouraged. On the other hand, much of the adverse criticism against the courts of this state may be traced to the interest, real or apparent, shown by trial judges either in the subject-matter of the suit or the ultimate judgment to be rendered in particular cases. And in order to foster confidence in the integrity and impartiality of courts, a presiding judge should be compelled to certify his disqualification where it appears probable that such judge would not afford the defendant a fair trial.

The respondent, therefore, is ordered forthwith to certify his disqualification to try the matter in controversy, and upon his failure to do so a writ of mandamus will issue.

DOYLE, P. J. and MATSON, J., concur.