## SCHULTE v. BOLEN.

No. 14467—Opinion Filed July 10, 1923.

(Syllabus.)

1. **Judges—Must be Impartial and Disinterested.**

In order to maintain and foster proper respect and confidence of the people in the courts, the courts must be presided over by unbiased, impartial, and disinterested judges, and all doubt and suspicion to the contrary must be jealously guarded against.

2. **Same—Disqualification—Mandamus.**

Record examined, and held, that the application to disqualify J. W. Bolen, district judge of Pontotoc county, be granted.

W. F. Schulte, petitioner, instituted this action in this court against J. W. Bolen, Judge of the District Court of Pontotoc County, respondent, for writ of mandamus. Respondent ordered to certify his disqualification, and upon his failure to do so writ will issue.

W. F. Schulte, for petitioner.

J. D. Lydick, for respondent.

PER CURIAM. This is an original action instituted in this court for a writ of mandamus by which W. F. Schulte, petitioner, seeks to compel Honorable J. W. Bolen, district judge in and for Pontotoc county, Okla., to disqualify from presiding and further proceeding in the proceedings commenced by the board of county commissioners of said county to determine the legal outstanding judgment indebtedness against Pontotoc county and for the issuance of funding bonds to pay said indebtedness.

The petitioner, W. F. Schulte, is a resident taxpayer of Pontotoc county, Okla., and, together with others, has filed a protest and objections to the issuance of said funding bonds.

The cause was submitted to the court on the 6th day of July, 1923, upon the petition, objections to petition, and the response of the respondent to the alternative writ issued herein, and upon a careful consideration of the same it is our conclusion that the petitioner is entitled to the writ of mandamus.

In order to maintain and foster proper respect and confidence of the people in the courts, the courts must be presided over by unbiased, impartial, and disinterested judges, and all doubt and suspicion to the contrary must be jealously guarded against. McCullough v. Davis, 11 Okla. Cr. 431, 147 Pac. 779; State ex rel. Warner v. Fullerton, 76 Okla. 35, 183 Pac. 979; Dennison v. Christopher, Superior Judge, 18 Okla. Cr. —, 200 Pac. 783.

For the reasons stated, it is ordered the respondent forthwith certify his disqualification as presiding judge in the cause, and upon his failure to do so the writ of mandamus will issue.

All the Justices concur, except McNEILL and KANE, JJ., not participating.