## LONDON v. OGDEN, Dist. Judge.

No. 19220. Opinion Filed March 17, 1928.

(Syllabus.)

**1. Judges — Impartiality — Constitutional Guaranty.**

Section 6, art. 2, of the Constitution of Oklahoma requires that right and justice shall be administered without sale, denial, delay, or prejudice, and in order that this salutary safeguard may be maintained and be given full force, it is necessary that judges presiding over the courts should be unbiased, impartial, and disinterested in the result of the litigation, and it is of utmost importance that all doubt or suspicion to the contrary be jealously guarded against, to the end that every litigant may have that fair and impartial trial to which he is entitled.

**2. Same—Disqualification of Judge to Try Ouster Action Against Sheriff Where Shown that He Had Prejudged Issues and Would be Used as Witness.**

Where a district judge has discussed the merits of an ouster action against the county sheriff before the same was filed, and shows by his utterances and actions that he has prejudged material issues to be determined therein, and where it further appears that such judge will be called by the state as a witness on such issues, he is disqualified to sit as judge in such action.

**3. Mandamus—Writ to Compel Judge to Certify Disqualification.**

Where a district judge is disqualified to hear and determine a cause pending before him, he should certify his disqualification, and, upon his failure so to do, when requested in the manner provided by law, mandamus will lie.

Original Proceeding in the Supreme Court.

Application by E. C. London against John B. Ogden, Judge of the District Court for the Eighth Judicial District, for writ of mandamus to require respondent to certify his disqualification to sit as judge in the trial of petitioner in ouster proceedings filed in the District Court of Carter County. Writ granted.

Sigler & Jackson and John L. Hodge, for petitioner.

Edwin Dabney, Atty. Gen., J. Berry King, Asst. Atty. Gen., and E. L. Fulton, Special Counsel, for respondent.

MASON, V. C. J. This is an original proceeding instituted in this court by the petitioner against respondent, as judge of the district court for the Eighth Judicial District, embracing Carter county, seeking a writ of mandamus to require said respondent to certify his disqualification to sit as judge in the trial of a cause pending in the district court of Carter county, brought by the state on relation of the Attorney General, against the petitioner, E. C. London, to remove him from the office of sheriff of said county.

There are two judges in said district, viz, Hon. Asa E. Walden and the respondent herein, and it appears that Judge Walden has heretofore certified his disqualification and that the petitioner filed in said court his motion asking the respondent to recuse and disqualify himself in said proceedings, but before petitioner had an opportunity to serve notice on the Attorney General, respondent, as district judge, made an order overruling the same.

It also appears that heretofore one E. G. Hall had been convicted in said court of the crime of assault with intent to kill and the respondent herein, as judge of said court, issued an order directing petitioner herein, as sheriff, to transport said defendant to the penitentiary; that said Hall at that time owned a large number of bales of cotton and a large number of hogs and cattle and other property; that the petitioner permitted said Hall to go, in charge of an armed guard, and dispose of this property before being taken to the penitentiary; that respondent became angry with petitioner and told him that it looked as if he did not want to be sheriff and that if said matter were presented to any judge he would be compelled to remove the sheriff from office for his action in said

matter; that respondent then required the county attorney to file an action against the petitioner charging him with contempt of court; that petitioner filed his motion in said cause to require respondent to recuse and disqualify himself; that respondent failed so to do, but refused to act further in said matter.

It further appears that one of the principal grounds for attempting to remove the petitioner herein from office is the aforesaid matter relative to the Hall Case.

It also appears that the respondent will be a material witness for petitioner, and the Attorney General, in his oral presentation herein, admitted that the respondent would be used as a material witness on behalf of the state and against the petitioner.

While the respondent insists that he is not unfriendly to the petitioner and that he can afford him a fair and impartial trial, and while we do not doubt his sincerity in this regard, yet the question is not so much whether he feels that he would be able to give the petitioner a fair and impartial trial as whether his utterances and actions, coupled with the fact that he is a material witness on one of the principal charges, are such as to preclude reasonable men from feeling that a fair and impartial trial can be had before him and that he is disinterested in the result.

Section 6, art. 2, of the Constitution requires that right and justice shall be administered without sale, denial, delay, or prejudice.

The basic principle on which the law rests is that every litigant is entitled to have his rights determined by an impartial and disinterested tribunal. It matters not that a judge is honest and that he actually believes he can give a litigant a fair trial, if, as in the case at bar, he has discussed the merits of one of the principal charges and has formed and expressed an opinion that the same are sufficient to cause a removal of the petitioner from office, and if it appears that he is to be a material witness as to the facts relating to such charge, he is bound to enter upon the trial more or less biased and prejudiced. This should not be, and where, as in the instant case, it is contended that said cause is a result of a factional fight brought on by political enemies, judges should be especially careful to refrain from partisanship in such cases and should not permit the clamor of the public to warp their judgment. Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence, and impartiality of the judiciary, the most important and powerful branch of government. Judges presiding over courts should be unbiased, impartial, and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, completely eliminated to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433; Dennison v. Christopher, 19 Okla. Cr. 467, 200 Pac. 783; Roberson v. Bozarth, 87 Okla. 102, 209 Pac. 742.

It is, of course, the duty of courts to maintain proper decorum and see that their orders and decrees are obeyed and enforced, but the mere fact that it becomes necessary to cite an official for contempt of court for refusing to comply with an order of such court does not of itself disqualify said judge from presiding over proceedings in which said party may be a litigant. We, therefore, give no weight to the fact that the petitioner may have been cited for contempt of court by the respondent, in the absence of any showing that there was any personal feeling, bias, or prejudice involved therein.

The members of the judiciary should so conduct themselves as to inspire the confidence of all and so that everyone will feel and know that in the courts their rights will be protected. This confidence cannot exist, if judges persist in discussing, out of court, the merits of cases pending before them, or about to be brought before them, and informing and expressing opinions thereon. Where this has been done, the judge should not, in justice to the litigant, insist upon being permitted to sit in the trial of his case.

From the foregoing, we conclude that it is extremely doubtful, to say the least, as to whether the respondent could accord the petitioner that fair and impartial trial guaranteed by the Constitution and to which he is justly entitled, and from all the surrounding facts and circumstances, the respondent, in our opinion, should certify his disqualification.

It is, therefore, the order of this court that a peremptory writ of mandamus should forthwith issue to said John B. Ogden, requiring him to certify at once his disqualification to try the petitioner, E. C. London, in cause No. ____, in the district court of Carter county, wherein it is sought to re-

move the said E. C. London from the office of sheriff of said county, and the clerk of this court is hereby directed to issue said writ.

PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 33 C. J. p. 999, §150; 15 R. C. L. p. 526; 5 R. C. L. Supp. p. 842. (2) 33 C. J. p. 1010, §168; p. 1011, §173. (3) 33 C. J. p. 1012, §176; 38 C. J. p. 620, §105.