## STATE ex rel. LOWERY v. WALDEN, Judge.

No. 20585.   Opinion Filed March 11, 1930.

R. L. Disney, for petitioner.

Asa E. Walden, District Judge, in pro. per.

ANDREWS, J. This is an original proceeding instituted in this court by the petitioner against the respondent, as judge of the district court for the Eighth judicial district embracing Carter county, Okla., seeking a writ of mandamus to require said respondent to certify his disqualification to sit as judge in three causes pending in the district court of Carter county, being numbered 10718, 14496, and 16836 on the docket of that court.

It appears that petitioner has filed in said court in each of said causes a motion asking respondent to recuse and disqualify himself in said proceedings and that each of said motions has been overruled. It also appears that respondent rendered a judgment against petitioner, which judgment was reversed by this court in Lowery v. Richards et al., 20 Okla. 261, 248 Pac. 622, and that the cause was remanded with directions to the trial court to vacate its judgment and reinstate a former judgment quieting the title to the land involved therein in

the petitioner herein and for further proceedings as to rents and profits, and that pursuant thereto, respondent, as trial judge, rendered a judgment in favor of petitioner therein for rents and profits, which judgment was affirmed in Richards et al. v. Lowery et al., 135 Okla. 243, 275 Pac. 335.

It is now charged that while the second case was pending on appeal the petitioner caused an execution to issue against the defendants in that action; that the respondent enjoined the enforcement of that execution pending the appeal to this court and required an injunction bond of only $500; that the judgment appealed from was in excess of $30,000, and that the judgment had not been superseded. Respondent admits these contentions and, for his response thereto, says that the petitioner was without funds and that if he had been permitted to execute upon the property of the judgment debtors, the judgment debtors would have lost their property, without recourse, should the judgment have been reversed on appeal.

It is further contended that the petitioner filed suit in that court in an attempt to impress an equitable lien for the proceeds of the accounting judgment and that while these proceedings were pending the respondent openly declared that he was sorry for having rendered the judgment in the accounting and that he would not do so if he had the matter before him again. This is denied by respondent.

We do not consider it necessary to set forth the other allegations of bias and prejudice of the respondent, or to determine the controverted allegations herein, and we consider it sufficient to state that there has been a sufficient showing made in this record of statements made by the respondent to warrant the issuance of the writ.

While the respondent insists that he is not unfriendly to the petitioner, and while we do not doubt his sincerity in that regard, yet the question is not so much whether he feels that he is unbiased, impartial, and disinterested as whether his utterances and actions are such as to cause reasonable men to feel that he is not disinterested in the result.

As this court said in London v. Ogden, Dist. Judge, 130 Okla. 89, 265 Pac. 139.

"The basic principle on which the law rests is that every litigant is entitled to have his rights determined by an impartial and disinterested tribunal,"

—and:

"The members of the judiciary should so conduct themselves as to inspire the confidence of all and so that everyone will feel and know that in the court their rights will be protected. This confidence cannot exist, if judges persist in discussing, out of court, the merits of cases pending before them, or about to be brought before them, and informing and expressing opinions thereon. Where this has been done, the judge should not, in justice to the litigant, insist upon being permitted to sit in the trial of this case."

In the language used in that case, "* * * we conclude it is extremely doubtful, to say the least, as to whether the respondent could accord the petitioner that fair and impartial trial guaranteed by the Constitution and to which he is justly entitled, and from all the surrounding facts and circumstances the respondent, in our opinion, should certify his disqualification."

It is, therefore, the order of this court that a peremptory writ of mandamus forthwith issue to said Asa E. Walden, requiring him to certify at once his disqualification in the following causes, to wit: Miller E. Lowery, Plaintiff, v. C. W. Richards and Corinne Richards, Defendants, No. 10718; Miller E. Lowery, Plaintiff, v. C. W. Richards and Corinne Richards, Defendants, No. 14496; Connecticut General Life Insurance Company, a Corporation, Plaintiff, v. C. W. Richards, Miller E. Lowery et al., Defendants, No. 16836; and the clerk of this court is hereby directed to issue said writ.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, CULLISON, and SWINDALL, JJ., concur. HEFNER, J., not participating. RILEY, J., absent.