**HEARN et al. v. MILLER, Dist. Judge.**

No. 25572. June 5, 1934.

412

Brown Moore, for petitioners.

S. J. Burton, for respondent.

WELCH, J. In this original proceeding filed May 15, 1934, it was alleged that theretofore petitioners, as plaintiffs in cause No. 11789 in the district court of Payne county, Okla., had presented an application to respondent to certify his disqualification to sit as judge in said cause on account of bias and prejudice theretofore expressed at length against petitioners. Upon first consideration of the application it appeared to this court that the respondent had not yet passed upon the application to disqualify, and this court being unwilling to say at that time that the failure or refusal of respondent to act upon the matter was arbitrary, it was the view of this court that respondent should be given further opportunity to act. And this court accordingly, on May 15, 1934, exercising its superintending control, issued its order directing respondent forthwith and within ten days to act upon the application for his disqualification, by either certifying or refusing to certify his disqualification to sit in said cause, this court withholding further action on the petition for writ of mandamus.

On May 25, 1934, the respondent considered said motion for disqualification and made and entered a memorandum order declining to certify his disqualification, and denying the motion of plaintiff to disqualify in said cause No. 11789.

Now, by agreement of the parties in open court, such memorandum order is filed herein for consideration by this court on this application for writ of mandamus.

From a careful study of the pleadings and exhibits filed herein, it is clearly apparent that the respondent has in the past and since he became district judge entertained and forcibly expressed the feeling of strong bias and prejudice against the petitioners, which prompted the motion to disqualify in the first instance and the filing of this application for writ of mandamus to require disqualification.

These expressions of the respondent against the petitioners were made at considerable length and were quite forceful; they are set out in this record in the exact words of the respondent, and occupy 13 pages, same having been taken in complete detail and transcribed by the court reporter.

Without going into detail, the record clearly indicates such attitude of the respondent toward the petitioners as would cause any person similarly situated to entertain the gravest doubts of receiving that fair and impartial trial without bias or prejudice which is guaranteed to all persons in this state.

Section 6, art. 2, of the Constitution requires that right and justice shall be administered without sale, denial, delay, or prejudice.

"Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence, and impartiality of the judiciary, the most important and powerful branch of our government. Judges presiding over the courts should be unbiased, impartial, and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or sus-

picion to the contrary be jealously guarded against, and, if possible, completely eliminated, to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state." State ex rel. v. Fullerton, 76 Okla. 35, 183 P. 979.

State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 P. 433; Yazoo & M. V. R. Co. v. Kirk, 102 Miss. 41, 58 So. 710, 42 L. R. A. (N. S.) 1172; Son v. Linebaugh, 101 Okla. 201, 225 P. 686; London v. Ogden, 130 Okla. 89, 265 P. 139.

While the respondent insists that he is not unfriendly to the petitioners, and that he can afford a fair and impartial trial, and while we do not doubt his sincerity in this regard, yet the question is not so much whether he feels and insists that he would be able to give a fair and impartial trial, as it is whether his utterances and actions have been such as to preclude reasonable men from feeling that a fair and impartial trial, without bias or prejudice, could be had before him. The basic principle upon which the law rests is that every litigant is entitled to have his contentions heard and his rights determined by an impartial, unbiased, and unprejudiced tribunal. This language, in substance, was used and applied in London v. Ogden, supra, and it is a well-established rule by all of the authorities.

The members of the judiciary should so conduct themselves as to inspire the confidence of all, and so that every one will feel and know that in the courts their rights will be protected. This confidence could hardly exist if litigants were required, over their protests, to submit their cause for determination before a judge who has theretofore in an extended public statement made such forceful criticism of the party as to indicate sincere bias or deep-seated prejudice. Where this has been done, the judge should not in justice to the litigant sit in the trial of his case. London v. Ogden, supra. From the facts and circumstances, it is our opinion that in fairness and justice to the petitioners the respondent should certify his disqualification, and it is our conclusion that under the applicable law we have no alternative but to grant the writ of mandamus requiring him to disqualify.

We are of the opinion that the Honorable Freeman E. Miller, judge of the district court of the Eleventh district, will conform to the judgment of the opinion of this court in certifying his disqualification in the instant action without the issuance of the writ. Pending compliance with the views herein expressed the writ is withheld.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.