## STATE ex rel. WILCOX et al. v. BIRD, District Judge.

### No. 27803.   April 13, 1937.

Aiden E. Allen and V. E. Stinchcomb, for plaintiffs.

W. H. Hills, for defendant.

GIBSON, J.  This is an original action wherein the relators seek a writ of mandamus directed to the Honorable J. W. Bird, judge of the district court of Grant county, requiring him to certify his disqualifications in a certain cause therein pending entitled Central National Bank of Enid, Plaintiff, v. Ruth M. Wilcox and Others, Defendants, No. 5157 in said court. Respondent, after application on the part of relators, has refused to certify his disqualification.

The petition filed herein charges the respondent with bias and prejudice against relators and in favor of the plaintiff bank in said cause, and assigns as reasons there-

for, among others, that there exists a close and personal friendship between respondent and the officers of said bank resulting from long business association and from long relationship of attorney and client existing between the former law partnership of respondent and the bank; and in this connection it is shown that the other member of said law partnership is now counsel for the bank in said litigation.

The business and professional relationships as above set out are uncontroverted by the verified response filed herein. The relators apparently believe in all sincerity that in the face of those circumstances they would be denied a fair and impartial trial.

While the district judge in the instant case may be sufficiently disinterested in the particular litigation to permit him to preside at the trial in a fair and impartial manner, we think that a situation is here presented where upon application of a litigant the judge should certify his disqualification.  His former client, represented by his former law partner, is arrayed against these relators.  That circumstance within itself may raise legitimate doubt in the mind of the average person of the impartiality of any judgment that may be rendered adversely to relators in the cause in question.  When circumstances and conditions surrounding litigation are of such a nature as to cast doubt and suspicion on a judgment the trial judge may pronounce, said judge should certify his disqualifications.  State ex rel. Harden v. Edwards, 176 Okla. 187, 56 P. '(2d) 402.  To demand the disqualification of the trial judge under such conditions is the constitutional right of every litigant as guaranteed by section 6 of the Bill of Rights.

This court is committed to the duty, as said in Sandlin v. Weston, 162 Okla. 107, 19 P. (2d) 361, "to maintain and safeguard the right of trial by a fair and impartial tribunal, and to be vigilant in removing and eliminating every possible semblance of doubt or of suspicion on that question to the end that justice may be administered."  See, also, State ex rel. Wade v. Crawford, 178 Okla. 230, 62 P. (2d) 620.

In order that all semblance of doubt and suspicion may be removed in the instant case, we think that the writ should be granted.

Writ granted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and PHELPS, JJ., concur.