DAVIDSON et al. v. SHILLING, Dist. Judge.

No. 29856.   May 21, 1940.

*103 P. 2d 84.*

Champion, Champion & Fischl and John B. Ogden, all of Ardmore, for petitioners.

Dolman, Dyer & Dolman and Sigler & Jackson, all of Ardmore, for respondent.

DANNER, J. Petitioner was married to a man who was sent to the penitentiary in 1929 under a sentence of ten years' confinement. It is said that petitioner thought that this automatically divorced her from her husband and left her free to marry again. The record is not entirely clear on that question. At any rate, about four years later she began living with Noel Leon Davidson, and continued living with him until January 28, 1940, when he was killed in an automobile accident, having collided with an automobile being operated by one Edgar Berry. The man to whom she had been married, and who was sent to the penitentiary, died in October of 1937, and, as above stated, her relationship with Davidson continued for three years or more thereafter, until he was killed. By Davidson she had three children, all of whom are minors.

On behalf of herself, on the theory that she was the common-law wife of Davidson, and also on behalf of the three minor children, both as mother and "next friend," she filed an action against Edgar Berry, to recover for the wrongful death of said Davidson, as her husband and as father of the children.

The case came on for trial before a jury and at the conclusion of plaintiff's evidence argument was had on the defendant's demurrer thereto. It appeared that the judge was about to sustain the demurrer. The judge recalled the jury and was about to discharge them when the plaintiff, with the consent of the court, dismissed the case without prejudice. Thereafter the court nevertheless told the jury that he had intended sustaining the demurrer, and explained his reasons. He said that under a former decision of this court, which he did not name, the plaintiff could not be the common-law wife of the deceased, under the circumstances of the case; that her relationship with Davidson was meretricious in the beginning, and that, being so, it could not later ripen into a common-law marriage on the death of the one to whom she was formally married and who died in 1937. He said that the plaintiff had been living in adultery with Davidson, and that "In simple language, a rotten apple can't ripen into a good apple, and this rotten marriage cannot ripen into a legitimate marriage."

Having dismissed the case without prejudice, which the court permitted, the plaintiff refiled the action on the same day, the petition containing virtually the same words as the petition in the former case. The plaintiff later filed a motion to disqualify the aforementioned trial judge, and when said motion came on for hearing the judge indicated that in his belief the plaintiff's attorneys were guilty of sharp practice, or wrong practice, in refiling the case. Two newspaper articles concerning the event appeared on the front pages of two different issues of "The Daily Ardmorite," a newspaper published in the same city in which the court was sitting. The trial judge refused to disqualify himself, and the plaintiff has filed this original action in this court to disqualify him, on the grounds of bias and prejudice.

From what we have before us in the record, we are convinced that from the viewpoint of the general public, and especially from the viewpoint of the plaintiff, considered fairly and reasonably, the respondent should permit one of the other two judges in that district to try the case. We are not unmindful of the rule that prejudice against the cause or defense of a party is not a disquali-

fying prejudice, and that a judge may not be disqualified merely because he has expressed an opinion on a question of law on a prior hearing. Nevertheless we feel that, under the circumstances of the case, it would be the exercise of a much wiser discretion if the respondent should disqualify, especially with the other two judges readily at hand. We base our conclusion not so much on the remarks of the trial judge to the jury and spectators as upon his belief that the attorneys for the plaintiff are guilty of wrong practice in the filing of the pending action. He admits in his response herein that he thinks said practice is improper. It was within his discretion in the first place to refuse permission to dismiss the action. White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 2d 590, 125 A. L. R. 609. However, he did not refuse, and, the court having permitted the dismissal without prejudice, plaintiff was within her rights in refiling the action.

In several respects the situation is akin to that in Callaham v. Childers, District Judge, 186 Okla. 504, 99 P. 2d 126, a recent decision wherein a trial judge was disqualified because the circumstances and conditions surrounding the litigation were of such nature that they might have cast doubt as to the impartiality of any judgment which the trial judge may have pronounced. The judge was disqualified in that case even in the absence of actual bias or prejudice. The general principles underlying that decision, and announced therein, are adopted as the basis of our present holding, and reference is made thereto for a more detailed discussion of the question.

The writ is granted.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.