Ethel SADBERRY, Co-Administrator of the Estate of Ada Belle Durnell, Deceased, H. B. Wilcher, Myrtle Watkins, Vern Wilcher, Stanford Wilcher, Lottie Hall, Oren Wilcher, Cecil Wilcher, Bertha Rains, Lottie Hall, Guardian of Ruby Wilcher, an Incompetent, and, Nellie M. Hamon, Plaintiffs,

v.

Ray G. WILSON, Judge of the County Court of McClain County, Oklahoma, Defendant.

No. 42959.

Supreme Court of Oklahoma.

April 30, 1968.

James & Butts, by Richard James, Stroud, for plaintiffs.

Turner Odies Primrose, Norman, for defendant.

LAVENDER, Justice.

This is an original proceeding in which the plaintiffs seek a Writ of Mandamus to disqualify the defendant judge of the county court of McClain County, Oklahoma from further considering two causes presently pending in said county court. The two causes involved are numbered 2106 and 2675 in the county court and are, respectively, the guardianship of Ada Belle Durnell (now deceased) and the matter of the estate of the said decedent. The plaintiffs assert that the defendant is disqualified from proceeding to hear the two causes because of prejudice toward plaintiffs and one of their attorneys, Mr. James. In the alternative, (plaintiffs allege) that because of the circumstances and conditions surrounding the litigation if defendant is not disqualified, there would exist in the minds of reasonable men doubts as to the impartiality of any judgment the defendant might pronounce in said cases and that in the interest of removing all of such doubts, the defendant should be adjudged disqualified and a different judge be assigned by this court to hear the matters, as provided by law.

The defendant admits that the plaintiffs filed a motion to disqualify him in the McClain County Court and that the matter was heard and denied by the defendant prior to the filing by the plaintiffs of their petition here. This procedure is apparently required by 22 O.S.1961, § 575.

This action is brought in this court by Ethel Sadberry in her capacity as co-administrator of the Estate of Ada Belle Durnell, deceased, and by a number of other persons who apparently are heirs of the decedent or otherwise interested in said estate. One of the attorneys for said plaintiffs is Mr. Richard James.

The defendant appeared in person and by counsel and has filed his Response to Application and Petition of Plaintiff together with his brief in support thereof.

The plaintiffs in their petition and in oral presentation to this court take the position that Judge Wilson (the defendant here) is disqualified from further proceed-

ing in the two matters above referred to because of the following circumstances:

Mr. Purman Wilson, an attorney of this bar, represents Mae Harrison Cole, both in her capacity as guardian of Ada Belle Durnell, deceased, and as one of the co-administrators of the estate of said decedent. Mr. Wilson is a brother of the defendant, Judge Wilson. It was shown that Mae Harrison Cole was appointed guardian of Ada Belle Durnell in 1954 and that the defendant, who apparently was then a practicing attorney, prepared and filed tax returns for Mrs. Cole as guardian for the years 1954, 1955, and 1956. That thereafter the wife of the defendant judge continued to prepare the tax returns for Mrs. Cole in the guardianship matter for the years 1957, 1958, 1959, and 1960. It was further shown that the defendant's wife also was employed at various times during the past several years in the office of Mr. Purman Wilson. It appears that Judge Wilson will be obliged, in winding up the guardianship and estate matters, to make an allowance, payable out of the various estates, of an attorney fee for the benefit of his brother.

Other allegations are made by plaintiffs which they suggest indicate that the defendant in fact is biased and prejudiced toward the plaintiffs or their attorney, Mr. James. We do not deem it necessary or helpful to an understanding of our decision in this matter to set forth in detail in this opinion, these other allegations.

The defendant's response to all of the plaintiffs' allegations has been that the defendant is not interested, except as a judicial officer, in the outcome of either of the matters pending in his court; that while Mr. Purman Wilson is, of course, his brother, such fact will not in these cases, as it has not in the past in other cases, prejudice or otherwise improperly influence the judicial acts and conduct of the defendant judge. The defendant states that in fixing the attorney fee for the benefit of Mr. Purman Wilson, the fees "will be computed based upon the guide lines published by the Oklahoma Bar Association," and that therefore this situation is different from that which was before this court in Callaham v. Childers, District Judge (1940), 186 Okl. 504, 99 P.2d 126.

In the cited case the judge was found by this court to be disqualified to preside over the trial of a divorce action in which his son represented one of the parties. The son had a "contingent fee contract" with his client and this court held such interest in the outcome of the litigation by a son of the judge was a sufficient reason to assign a different judge to try the matter.

The defendant also points out that since his assumption of the duties of county judge of McClain County, his brother has received (pursuant to the orders of the defendant) less attorney's fees per annum than he received formerly. The defendant also reminds the court that he is entitled to the benefit of the presumption that he will honestly and in good faith perform the duties of his office and that (because of his intended adherence to the bar association recommended minimum fee schedule) he will not be required to perform anything more than, in effect, a ministerial act in allowing the attorney fee to Mr. Purman Wilson.

We are not aware of any authority to the effect that the consideration by the judge of a county court of a guardian and of an administrator's final account and the allowance of fees to attorneys for the estates, involves the exercise of "ministerial" duties as opposed to the exercise of judicial discretion and judgment. The defendant has not called our attention to any such case. Certainly the allowance of attorneys' fees, while perhaps affected by the suggested minimum fee schedule, is also subject to the consideration of the extent of work and professional duties exercised by such attorney. Especially is this true where, as here, there are two sets of attorneys representing, respectively, co-administrators.

We have carefully listened to both parties in their oral presentations herein. The de-

fendant personally appeared and addressed the court. His counsel has also been heard. We have examined the defendant's response to the plaintiffs' petition. We are convinced that the defendant is in absolute good faith and honestly and conscientiously believes that he is not biased nor prejudiced and could, if left undisturbed by this court, impartially administer justice to all parties in keeping with the best traditions of the administration of justice. We are impressed, however, by the previous expressions of this court concerning whether a judge should disqualify in a particular case under somewhat similar circumstances. In Callaham v. Childers, District Judge, supra, we said in the syllabus:

"When circumstances and conditions surrounding litigation are of such nature that they might cast doubt and question as to impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification."

■ In Pitman v. Doty, Judge; McWhorter v. Doty, Judge, Okl., 441 P.2d 428, page ——, opinion promulgated February 9, 1968, we said:

"Where there are circumstances of such a nature as to cause doubts as to a judge's partiality, bias or prejudice, it is his duty to disqualify, notwithstanding the fact that he personally believes himself to be unprejudiced, unbiased, and impartial."

See also, State ex rel. Heard v. Sullivan, and State ex rel. Caldwell v. Sullivan (1952), 206 Okl. 43, 240 P.2d 1109.

■ See also, State ex rel. Mayo v. Pitchford, District Judge (1914), 43 Okl. 105, 141 P. 433. In that case, the judge and the attorney appearing before him were father and son, respectively. The son's attorney fee depended upon his winning the case. We specifically adopted and approved as the rule in this state the following from Yazoo & M. V. R. Co. v. Kirk, 102 Miss. 41, 58 So. 710, 834, 42 L. R.A.,N.S., 1172:

"* * *. Not only must the judges presiding over the courts be honest, un-biased, impartial, and disinterested in fact, but it is of the utmost importance that all doubt or suspicion to the contrary must be jealously guarded against, and, if possible, completely eliminated, if we are to maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. * * *"

and,

"We are convinced that the broad and liberal rule of construction is the soundest and wisest rule, * * *. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge, who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, * * *."

In State ex rel. Wade v. Crawford, Judge (1936), 178 Okl. 230, 62 P.2d 620, the judge had represented some of the parties as their lawyer. This was held to be cause for disqualification. See also State ex rel. Harden v. Edwards District Judge (1936), 176 Okl. 187, 56 P.2d 402.

In State ex rel. Wilcox et al. v. Bird (1937), 179 Okl. 594, 62 P.2d 966, it was shown that there was a close relation of friendship between the judge and one of the litigants. This, plus the fact that the law firm with which the judge had been associated represented the party in the case, was held to be sufficient to invoke the rule requiring the removal of any semblance of doubt as to the judge's impartiality.

Notwithstanding the defendant may sincerely feel that he can act impartially in the cases involved, as we said in State ex rel. Warner et al. v. Fullerton (1919), 76 Okl. 35, 183 P. 979:

"* * *. The question is not so much whether respondent himself feels he will be able to give plaintiffs a fair and impartial trial, as whether * * * (the circumstances of the case) * * * preclude reasonable men from feeling that a fair and impartial trial can be had before him and that he is disinterested in such litigation."

We are of the view that under all of the circumstances in this case the defendant judge should have disqualified himself when asked to do so by the parties and that when he has failed to do so, it then becomes our duty to issue this court's Writ of Mandamus directing the defendant to disqualify. We take this action because we believe it highly desirable and therefore necessary to remove, where possible, all semblance of doubt as to the absolute equality with which justice is being administered in the courts of Oklahoma.

Because the cases pending in the county court of McClain County were set for trial on a date which has now passed and it would have been unnecessarily inconvenient to the parties for this court to have continued the matters, after hearing the matter an order was issued on April 15, 1968, in which the defendant was adjudged disqualified from continuing to preside over said cases. Another judge has been assigned to hear the cases. In the order it was stated that this formal opinion would follow.

Writ of mandamus granted.

IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY, HODGES, LAVENDER, and McINERNEY, JJ., concur.